Argued January 24, affirmed February 25, petition for rehearing denied March 21, petition for review denied April 25, 1972

IN THE MATTER OF THE ESTATE OF CHRISTENA SIEBEN, DECEASED.

SIEBEN, *Appellant, v.* RICHARDS ET AL, *Respondents.*

494 P2d 253

*William L. Josslin,* Portland, argued the cause and filed the briefs for appellant.

*George L. Hibbard,* Oregon City, argued the cause for respondents. With him on the brief were Hibbard, Caldwell, Canning & Schultz and James C. Tait, Oregon City.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

■ In this vigorously conducted will contest the contestant challenges the will on grounds of lack of mental capacity, undue influence and lack of proper execution. The contestant appeals from the trial court's decree declaring the will valid and dismissing contestant's petition, and also contends on appeal that if we likewise hold the will valid, he should, nevertheless, be awarded attorney fees and costs out of the estate.

The testatrix, Christena Sieben, was born on April 16, 1876. Her fourth child, Ralph, the contestant, was born in 1905. Shortly thereafter the decedent was placed in the Oregon State Hospital for a portion of that year. She was again hospitalized during a portion of the year 1921, and for a little over two months in 1930. She received a full discharge in January of 1932. There are strong indications that the primary cause of her mental problems was her marital situation. She was not hospitalized subsequent to 1930. In 1957 when she was 81 years old Mrs. Sieben executed the will in question, leaving her estate to certain of her issue, but not including contestant or his issue.

We have examined the hospital records and the testimony of the psychiatrists and numerous other

witnesses who testified at the trial. Our review of this evidence leads us to agree with the oral opinion of the trial judge:

"* * * [T]hat Christena Sieben was at the time she executed the will * * * of sound and disposing mind and memory * * *.

"The Court is convinced that if, in fact, Christena Sieben had been mentally ill at any of the times she was committed to the Oregon State Hospital, that such mental illness did not continue beyond the date of her last commitment in 1930. There is no evidence to so indicate."[1]

The will of Christena Sieben was drafted by Edwin Amme, a lawyer who died in 1966. The will contains an attestation clause reciting due execution of the will. A Mr. Vidgoff appeared at the trial as an attesting witness. He had no independent recollection of the will or Mrs. Sieben. However, he identified his signature and that of Mr. Amme on the will. The genuineness of the testatrix's signature was not contested.

There is nothing in the record to indicate any undue influence surrounding the execution of the will. The uncontroverted fact is that none of the beneficiaries even knew of the execution of the will until some time after the event.

---

[1] In this connection we note that the contestant did produce a woman who called herself an "Examiner of Questioned Documents." She testified that she had examined the signature on the will and compared it with other writings of Christena Sieben. She concluded that the signature on the will was genuine, but that the signature indicated that Christena Sieben was not mentally capable of knowing the importance of the document or understanding its contents. As to the latter conclusions, the trial judge observed:

"Well, if this is a recognized science * * * it comes as a rather startling innovation to this Court. I have never heard of this type of science before."

The real thrust of contestant's argument at trial and on appeal is that his mother must have been mentally deranged or under undue influence else she would not have disinherited him.[2] Suffice it to say that there is no legal duty on the part of a parent to divide his estate equally among his children; and, further, in the case at bar, there is substantial evidence of friction between Mrs. Sieben and the contestant which may well have been the basis of the testatrix's decision to disinherit him.

Contestant argues that the court erred in failing to receive certain documents into evidence. Those documents are a part of the record. One was wholly irrelevant. As for the other two, even assuming relevancy, they add nothing.

■ Contestant's argument that in any event he should be allowed costs and attorney fees is without merit. The law in this state is that an unsuccessful contestant is not authorized such allowances. *State Land Board v. Sovenko et al*, 202 Or 571, 581, 277 P2d 781 (1954).

Affirmed.

---

[2] In 1960 a guardian was appointed for the testatrix. Nothing in that portion of the guardianship proceedings made a part of the record in the instant case reflects on testatrix's mental capacity in 1957 when she made her will.